UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANIEL LOPEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>JOHN COWAN, et al.,<br><br>        Defendants. | Case No: C 16-6128 SBA<br><br>Related to:<br>No. C 16-5864 SBA<br><br>**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION** |

Plaintiff Daniel Lopez ("Lopez" or "Plaintiff"), acting pro se, brings the instant action against John Cowan ("Cowan"), Nate Loakes ("Loakes"), Timothy Broderick ("Broderick") and Katrina Saleen ("Saleen"), pursuant to 42 U.S.C. § 1983. Each of these defendants is an attorney involved in state court litigation currently pending against Lopez in the San Francisco County Superior Court. This matter is presently before the Court on Lopez's request to proceed in forma pauperis ("IFP"). Dkt. 3. For the reasons that follow, the Court DENIES Lopez's request to proceed IFP and DISMISSES the complaint without prejudice.

**I.     BACKGROUND**[1]

Attorney Cowan previously represented Lopez in a state court civil matter. Their relationship apparently soured as a result of a fee dispute, and Lopez thereafter allegedly began harassing and defaming Cowan. Cowan, then represented by attorney Broderick of

---

[1] This case is related to Cowan v. Lopez, No. C 16-5864 SBA, which the Court remanded to state court. See Cowan v. Lopez, No. C 16-5864 SBA, 2016 WL 6069233 (N.D. Cal. Oct. 17, 2016). Lopez cites the Court's remand order as the basis for this action. Dkt. 1 at 3. Therefore, for context, the Court takes judicial notice of the facts alleged in that action. See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).

the Broderick Saleen Law Firm ("Broderick Firm"), filed suit against Lopez.  Cowan's complaint alleges state law causes of action for defamation, willful misconduct under California Penal Code §§ 523 and 524, negligence, and injunctive relief.  See John Cowan v. Daniel Lopez, S.F. Super. Ct. No. CGC-13-531107 ("Cowan action").

After Cowan filed suit, Lopez began harassing and defaming the Broderick Firm and its attorneys.[2]  Posing as a former client of the Broderick Firm, Lopez posted numerous false and negative reviews of the firm on various internet sites.  Broderick thus commenced a separate lawsuit against Lopez, asserting state law causes of action for defamation, intentional and negligent interference with contractual relations, intentional and negligent infliction of emotional distress, unauthorized access, and declaratory and injunctive relief.  See Timothy Broderick v. Daniel Lopez, S.F. Super. Ct. No. CGC-13-546196 ("Broderick action").

During the course of the state court litigation, Broderick served Lopez with a request for production of tangible things.  The request for production included a specific request for electronic devices capable of accessing the internet, such as his cell phone.  Lopez objected to the request, though he did not contend that his phone contained Sensitive Security Information ("SSI") or protected information.  The parties met and conferred on agreed upon specific categories of information Broderick could obtain from the phone.  None of the categories included any SSI.  Lopez later reneged on their agreement and refused to produce his phone, resulting in Broderick filing a motion to compel.  The superior court granted the motion and imposed sanctions against Lopez.  Lopez sought to challenge that ruling by filing a petition for writ of mandate, prohibition or other relief and a request for stay with the California Court of Appeal.  Id. Ex. H.  On September 29, 2016, the Court of Appeal rejected all of Lopez's requests.  Id.  The court of appeal held that Lopez failed to timely object to the challenged discovery request, and otherwise failed to demonstrate that

---

[2] Attorney Loakes of The Ryan Law Firm later substituted in as counsel of record for Cowan in the Cowan action.

he was a "covered person" under federal regulations governing the disclosure of SSI or specify the specific type of SSI his phone allegedly contained.

The Cowan and Broderick actions were consolidated and set for trial on October 17, 2016, in Department 206 of the San Francisco Superior Court.  However, Lopez removed the actions on October 11, 2016.  See Cowan v. Lopez, No. C 16-5864 SBA.  Although no federal claims were alleged in the state court pleadings, Lopez predicated the removal entirely on his assertion that information stored on his cell phone constitutes SSI and thus is protected from disclosure.  The Court sua sponte reviewed the removal and the underlying state court pleadings, and concluded that Lopez had failed to demonstrate the presence of federal question jurisdiction.  As such, the Court remanded the action on October 17, 2016. See Cowan v. Lopez, No. C 16-5864 SBA, 2016 WL 6069233, at *1 (N.D. Cal. Oct. 17, 2016) (order remanding action).

On October 24, 2016, Lopez filed the instant action against Cowan, Loakes, Broderick and Saleen (an attorney with the Broderick Firm), along with a request to proceed IFP.  He alleges a claim under 42 U.S.C. § 1983 predicated upon Defendants' alleged violations of federal law restricting the disclosure of SSI—and specifically cites the California Court of Appeal's ruling on his writ petition and this Court's remand order in the prior action as the basis therefor.  As relief, Lopez seeks damages in excess of $100,000, which represent legal expenses "while trying to defend the custody of SSI and extreme mental distress …." Dkt. 1 at 4.[3]

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed IFP prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.   Pro se pleadings must be liberally construed.  Balisteri v.

---

[3] Pursuant to Civil Local Rule 3-12, the Court related the instant action to No. C 16-5864 SBA.  Dkt. 11.

- 3 -

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). If a court denies leave to proceed IFP, the district court must grant leave to amend unless it finds that amendment would be futile. Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015).

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III.   DISCUSSION

To maintain a claim pursuant to § 1983, the plaintiff bears the burden of pleading and proving two elements:  (1) conduct that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). Acting under color of state law means that the person who allegedly violated the plaintiff's rights executed such violation by exercising power conferred to that person by state law. West, 487 U.S. at 49. "'Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)).

Here, it is clear from the pleadings in this and the related action that none of the Defendants is alleged to have been acting under color of state law. Rather, the actions attributed to Defendants by Lopez were undertaken in their respective capacities as private lawyers engaged in state court civil litigation. As such, Lopez's § 1983 claim fails as a matter of law. See Polk Cty. v. Dodson, 454 U.S. 312, 317-18 (1981) (an attorney

"performing a lawyer's traditional functions" cannot be considered to act under color of state law within the meaning of § 1983); Briley v. State of Cal., 564 F.2d 849, 855-56 (9th Cir. 1977) (holding that a private attorney is not a state actor and does not act under color of state law for Section 1983 purposes).

Lopez's claim also is not actionable by virtue of the Noerr-Pennington doctrine. That doctrine derives from the Petition Clause of the First Amendment and provides that those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." Kearney v. Foley & Lardner, LLP, 590 F.3d 638, 643-44 (9th Cir. 2009) (internal quotations and citation omitted). Accordingly, a party cannot be sued under § 1983 for filing suit or any litigation-related activities. See Empress LLC v. City and Cty. of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Manistee Town Ctr. v. City of Glendale, 227 F.3d 1090, 1092-93 (9th Cir. 2000). Lopez's claim derives from Defendants' efforts during discovery in the underlying actions to obtain information from Lopez's cell phone which he claims is protected from disclosure. Such actions fall squarely within the Noerr-Pennington doctrine. Kearney, 590 F.3d at 646 (recognizing that discovery incidental to litigation is within the Noerr-Pennington doctrine).

Finally, Lopez's § 1983 claim impermissibly seeks to challenge the propriety of the state court decisions permitting Defendants to inspect his cell phone.[4] Under the Rooker-Feldman[5] doctrine, federal district courts are barred "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Federal claims amounting "to nothing more than an impermissible collateral attack on prior state court decisions" are impermissible especially when "[s]uch an order would implicitly reverse the state trial court's findings." Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995). In this case,

---

[4] As noted, the search excluded SSI, if any, contained on Lopez's phone.

[5] The doctrine is based on D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Defendants' request to inspect Lopez's cell phone was expressly approved by the state courts.  Thus, Lopez's present claim that Defendants violated federal law by accessing his phone, amounts to a collateral attack on the state court rulings *authorizing* Defendants to inspect his phone.  Rooker-Feldman prevents Lopez from attempting to do so.

## IV. CONCLUSION

The Court finds that Lopez has failed to state a claim for which relief may be granted and that any amendment to the Complaint would be futile.  Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's request to proceed IFP is DENIED and the action is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk shall close the file and terminate any pending matters.  The Court certifies that any appeal taken from this ruling would not be in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated:  11/10/16

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge